## SLATTERY v. SLATTERY et al.

(Supreme Court, Special Term, Ontario County.   September 20, 1911.  On Motion for Discovery and Inspection After Issue Joined, October 30, 1911.)

1. DISCOVERY (§ 86*)—FACTS NECESSARY FOR PREPARATION OF PLEADING.

   In an action by a brother against his two sisters to have it adjudged that certain real estate conveyed by their father to the daughters was the property of all the children as tenants in common, in which the complaint alleged that the purpose of such conveyances was that the property could be more conveniently handled by two than by all the children, and that such purpose was reduced to writing and signed by decedent, and such daughters in their petition for an inspection of the instrument signed by decedent alleged that they never made such an agreement and that the signature thereto was a forgery, it appeared that they were in possession of all the facts necessary to enable them to prepare their answer, and hence an inspection would be denied.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

2. DISCOVERY (§ 97*)—APPLICATION—TIME.

   A motion for an inspection of a writing to enable defendants to prepare for trial is premature if made before issue is joined.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 122, 124–131; Dec. Dig. § 97.*]

   On Motion for Discovery and Inspection After Issue Joined.

3. DISCOVERY (§ 86*)—WRITINGS SUBJECT TO INSPECTION—MATERIALITY.

   In an action to have it adjudged that land conveyed by a decedent to two of his daughters was owned by all of the children as tenants in common, in which it was alleged that it was decedent's purpose to deed the land to such daughters in order that it might be more conveniently handled, and that such purpose was reduced to writing and signed by him, defendants were not entitled to an inspection of the instrument signed by decedent before trial, since, if such writing signed only by decedent would be competent at all, parol evidence could be introduced if it was not produced at the trial.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

4. DISCOVERY (§ 92*)—WRITINGS SUBJECT TO INSPECTION—POSSESSION OR CONTROL.

   In an action by the son of a decedent against the other children to have it adjudged that land conveyed by the decedent to two of the defendants was the property of all the children as tenants in common, where it appeared that an instrument executed by decedent, claimed to show that his purpose in deeding the land was for convenience in handling it, was in possession of one of the defendants, other than such grantees, who resided without the state and who had refused to permit plaintiff's attorneys to retain such document in their possession, such grantees were not entitled to an order requiring plaintiff to produce the document for inspection; the fact that the defendant having possession of the document was plaintiff's brother, and that if plaintiff succeeded he would have a similar interest in the property, raising no presumption that plaintiff had control of the document.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 118; Dec. Dig. § 92.*]

Action by Thomas J. Slattery against Mary Slattery and others.   On two motions by Mary Slattery and another for discovery and inspec-

tion of a paper, one made before joinder of issue for the purpose of enabling them to prepare their answer and prepare their case for trial, and the other made after issue joined. Denied.

Ditmars & Teter, of Geneva (Frank Rice, of Canandaigua, of counsel), for plaintiff.

A. P. Rose, of Geneva (W. S. O'Brien, of Geneva, of counsel), for defendants Mary and Kate Slattery.

RICH, J. In this case it seems to me that the motion should be denied. The order for a discovery is sought against the plaintiff, and it appears from the moving papers that the plaintiff never had the custody, control or possession of the paper of which a discovery is sought.

[1, 2] The property in dispute was conveyed by Morris Slattery, deceased, to the defendants Mary Slattery and Kate Slattery on February 10, 1909, by three separate conveyances; the consideration in each being stated to be $1 and other valuable considerations. The grantor died on April 2, 1911. The complaint alleges (Fol. 11) that the purpose of such transfers was that the property could be more conveniently handled by two than by the seven children of the testator whom he intended and desired should have the same upon his death; that such purpose was reduced to writing and signed by the deceased; and that the deeds were so made and executed by an agreement of said seven children. It will be noted that this is not an allegation that the agreement was reduced to writing, and signed by the parties, but that the purpose of the transfers was and signed by the deceased only. Its date or when it was executed in fact does not appear. The defendants Mary and Kate Slattery allege in their petition that they never made such an agreement, and substantially that the alleged signature of deceased to the purpose of his transfers to them is a forgery. The facts plainly show that the defendants Mary and Kate Slattery are in possession of all that is required to enable them to prepare and serve an intelligent answer, so that an inspection of the paper is not needed for that purpose. If required at all, it can only be necessary for the purposes of trial, and for that purpose the application is premature, and under the authorities should not be granted until after issue joined. The agreement alleged can be proven by parol evidence and is not dependent upon the paper of which an inspection is sought. The plaintiff can recover upon making such oral proof without producing the paper upon the trial at all, it seems to me. The papers show that this paper is in the custody and possession of the defendant Dennis D. Slattery, who resides at Grand Rapids, Mich. He permitted one of the plaintiff's attorneys to see it when preparations were being made to bring this action, but refused to permit him to retain it.

I do not see any way in which the plaintiff can produce it or compel its production by one of the defendants, and it seems to me that an order compelling him to do so, under the circumstances disclosed by these papers, with its attendant consequences in the event of his being unable to comply with its requirements, would be very unjust.

Again, there is nothing to show whether Dennis has appeared and

answered in the action or not, or whether, if he has, he has pleaded the paper referred to or attached a copy of his pleading.

Quære: If, as alleged, the conveyance were made for a valuable consideration moving from the grantees to the grantor, how can any statement in writing of the grantor, as to his reasons or intentions in so doing, signed by him alone and unknown to the grantees, affect the legal rights of the grantees?

On Motion for Discovery and Inspection After Issue Joined.

CLARK, J. This application is properly made, and the various preliminary objections made at the opening of the argument are overruled, with an exception in each case to plaintiff.

In February, 1909, Morris Slattery, of Geneva, N. Y., deeded to his sisters, the defendants Kate and Mary Slattery, certain lands located in Geneva, which deeds were recorded in March, 1911, a very short time prior to the death of said Morris Slattery. Plaintiff, a brother of Morris Slattery, brings this action, and asks, among other things, to have it adjudged that the real estate in question is the property of plaintiff and the defendants, his brothers and sisters, share and share alike, as tenants in common. The plaintiff further alleges that the deeds in question conveying this property to defendants Mary and Kate Slattery were made because the property could be more conveniently handled by them than as though it was in the names of all of the brothers and sisters of Morris Slattery, but that in fact it was understood that plaintiff and these defendants were to be the owners of the property in equal shares, and that such purpose was reduced to writing and signed by the grantor, Morris Slattery. Defendants Mary and Kate Slattery in their answer deny any knowledge of such a writing, and in this proceeding seek to discover and inspect it. It does not appear that there was any agreement signed by the parties showing what the purpose of the transfer was, plaintiff only claiming that there was a writing signed by the grantor, Morris Slattery, showing the purpose.

I am satisfied that these defendants are acting in entire good faith in making this application, and that it can in no way be deemed an expedition to ascertain what evidence plaintiff may have, but the purpose is an honest one to enable these defendants to prepare for trial. But there are two reasons why the granting of this order would be improper.

[3] In the first place, when it is conceded that this writing, if one exists, was merely a memorandum signed by the grantor, with nothing to show that the grantees took part in or had any knowledge that such a memorandum was made, it would hardly seem that it would be competent, or binding upon such grantees; but, in any event, if it was deemed competent, parol evidence could be introduced if the paper was not produced, at the trial.

[4] In the second place, there is no satisfactory proof that the paper sought to be inspected is now, or ever has been, either in the possession or under the control of plaintiff, or either one of his attorneys

or counsel. All parties agree that, if there is such a paper, it is in the possession of a brother of the parties, Dennis Slattery, who resides in the state of Michigan. At one time when he was in Geneva it is claimed that he exhibited that paper to one of plaintiff's attorneys, who requested Mr. Slattery to permit them to retain the writing in their office. That request was refused. Mr. Slattery taking the paper away with him and stating that on the trial of this action he would appear and produce it. There is no evidence that plaintiff or either one of his attorneys ever saw that paper, excepting under the circumstances just detailed. If the document sought to be inspected was in the possession of or under the control of plaintiff or his attorneys, it may well be that an order for inspection might properly be granted; but, although the paper at one time was shown to one of plaintiff's attorneys by Dennis Slattery, it has been satisfactorily shown that the attorney tried to keep it in his possession, and actually requested that he be permitted to do so, but that request was refused, Dennis Slattery taking the paper away with him, and it would be manifestly improper to order plaintiff to produce a document which is clearly not in his possession or under his control, and not in the possession or under the control of any of his attorneys or agents. That would be directing plaintiff to perform some duty which it was known in advance he could not perform, and court orders should not be granted requiring a party to do the impossible. The mere fact that Dennis Slattery and this plaintiff are brothers, and, if plaintiff's contention was sustained, would have similar interests in the property, raises no presumption that plaintiff has control of a paper in the possession of Dennis Slattery and outside of the jurisdiction of this court.

This motion must be denied, with $10 costs to abide the event. Ordered accordingly.